**WINKLER, Appellee,**

**v.**

**WINKLER, Appellant.**

[Cite as *Winkler v. Winkler* (1997), 117 Ohio App.3d 247.]

Court of Appeals of Ohio,
Seventh District, Monroe County.

No. 770.

Decided Jan. 21, 1997.

248

*William E. Frank, Jr.*, for appellee.

*Harold R. Kemp* and *Suzanne Elswick Martello*, for appellant.

GENE DONOFRIO, Judge.

Defendant-appellant, Vernon L. Winkler, appeals an order of the Monroe County Common Pleas Court, wherein the court granted plaintiff-appellee, Martha A. Winkler, a divorce on the grounds of incompatibility and ordered a division of property.

The parties were married in August of 1963. With the brief exception of a period in 1988, when appellee filed for divorce and moved temporarily from the marital residence, the parties lived together on the dairy farm they operated until 1995. Appellant, with the assistance of the parties' son, was primarily responsible for maintaining the dairy and farming operation. Appellee was the primary caregiver for the parties' children and was responsible for overall domestic duties on the marital estate. Other than during the aforementioned period in 1988, when appellee briefly secured employment outside of the home, both parties contributed the entirety of their efforts to operating the dairy and farming operation.

Appellee refiled for divorce on July 5, 1995 and moved to Tuscarawas County, securing employment at a restaurant at $5.50 per hour. Appellee initially manifested a desire that appellant and the parties' son be given the opportunity to continue operating the farm. Appellant continued to reside at the marital residence and operate the farm until December 1995, when he expressed his desire to discontinue operations. The court granted appellant's motion to sell the entire herd of cattle, thereby terminating the dairy operation. Evidence was presented that appellant subsequently sold the cattle well below market price and allowed the marital estate to deteriorate.

The trial court, on December 22, 1995, issued an order, upon motion of appellee, for an auctioneer to be given access to the marital estate in order to assess the condition of marital property for liquidation at public auction. On February 15, 1996, the trial court granted appellee's complaint for divorce and appointed an auctioneer, mutually agreed upon by the parties, for final disposition of the estate. Appellant filed a timely appeal of this order on February 27, 1996.

■ Appellant presents two assignments of error. The first assignment states:

"The trial court erred and abused its discretion in ordering a public auction of the parties [*sic*] marital assets without regard to market conditions or considering less drastic alternatives."

The issue is whether the trial court abused its discretion in ordering the public auction without providing appellant sufficient opportunity to dispose of the property through private sale and by not first securing an appraisal of the estate.

■ The trial court must be given discretion to do what is equitable upon the facts and circumstances of each case, and a reviewing court may properly reverse when it finds the trial court abused its discretion. *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 20 O.O.3d 318, 421 N.E.2d 1293. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140. Recognizing that divorce is usually a losing proposition for both parties, the trial court should attempt to lessen the impact on the parties whenever it is reasonably practical, and should not order a public auction if there is a "reasonable chance of a fair, timely and voluntary sale." *Van Fossen v. Van Fossen* (1988), 47 Ohio App.3d 175, 547 N.E.2d 1237.

■ "In allocating property between the parties to a divorce * * * the trial court must indicate the basis for its award in sufficient detail to enable a reviewing court to determine that the award is fair, equitable and in accordance

with the law." *Kaechele v. Kaechele* (1988), 35 Ohio St.3d 93, 518 N.E.2d 1197, paragraph two of the syllabus.

In the present matter, the record reveals that appellant had sole possession of the marital residence from July 1995 through February 1996, when the public auction was ordered. Though appellant repeatedly declared that he had no inclination to continue operating the farm, and despite his negligible efforts to maintain the dairy operation during this period, appellant did almost nothing to attempt a private sale. Testimony indicates that he contacted a single real estate agent, but did not pursue this effort. When appellant informed the trial court of a potential purchaser only days before the scheduled final hearing, the court granted an extension to allow the interested party an opportunity to secure financing. When this option fell through, the trial court determined that the progressive deterioration of the estate necessitated a prompt liquidation.

Additionally, the trial court made several efforts to have the marital assets appraised and assessed. The record clearly reveals that appellant was uncooperative and hostile to these efforts, to the extent that the auctioneer initially appointed by the court, by mutual agreement of the parties, requested withdrawal due to the unsafe work environment created by appellant.

Based on the totality of the record, it is clear that the trial court provided appellant the opportunity to dispose of the marital estate by private sale, and therefore did not abuse its discretion in ordering the public auction. Furthermore, the record clearly indicates that the trial court's efforts to establish a value of the marital property was hampered solely by appellant's hostile and uncooperative conduct. Appellant cannot seek relief for an error invited by his own conduct.

The first assignment of error is without merit.

■ Appellant's second assignment of error states:

"The trial court erred and abused its discretion in ordering that plaintiff-appellee shall receive the first $40,000.00 of net proceeds from the public sale of the parties [*sic*] marital assets after all third-party obligations were paid."

The issue in this assignment is whether the trial court abused its discretion in awarding appellee the first $40,000 of net proceeds from the public auction without establishing a value of the marital estate and without specifically disclosing the basis upon which the $40,000 was determined.

■ A domestic court is required, after granting a divorce, to equitably divide and distribute the marital property. *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 75 O.O.2d 474, 350 N.E.2d 413. An equitable distribution, upon consideration of relevant factors set forth in R.C. 3105.18(B), need not be equal.

*Kaechele, supra.* R.C. 3105.171(G) provides that "the court shall make written findings of fact that support the determination that the marital property has been equitably divided." Trial courts in domestic relations cases have broad discretion to determine what division of property is equitable. *Cherry, supra.* An appeals court must review the award of the domestic relations court in order to determine whether the division of marital property is fair, equitable and in accordance with the law. *Spychalski v. Spychalski* (1992), 80 Ohio App.3d 10, 608 N.E.2d 802.

The record in the present matter reveals that the trial court considered the length of the marriage, contributions of the parties to the marriage and to the farming operation, and the financial misconduct committed by appellant in the dissipation of marital assets subsequent to appellee's complaint for divorce. The record is replete with references to appellant's lack of cooperation in determining an accurate valuation of the marital estate and his combative attitude toward appellee.

The minimum value attributed to the marital estate was $150,000 for the land and $125,000 for the machinery, for a total value of $275,000. Using this figure, the trial court's award would distribute only fifty-seven percent of the estate to appellee, with appellant retaining the other forty-three percent. This proportional distribution, based upon the factors reviewed, cannot be construed as an abuse of discretion. In *Kaster v. Kaster* (Sept. 6, 1994), Carroll App. No. 627, unreported, 1994 WL 496755, this court upheld an award of fifty-nine percent value to the appellee when it was determined that the other spouse had engaged in financial misconduct. Based on these facts and in light of appellant's contemptuous conduct and disregard for rules of discovery throughout these proceedings, it is unreasonable for appellant to expect a more detailed breakdown of the marital estate.

In *Stone v. Davis* (1981), 66 Ohio St.2d 74, 20 O.O.3d 64, 419 N.E.2d 1094, the court determined that a trial court's ruling that recited various facts and a legal conclusion satisfied the requirements of Civ.R. 52, where, when considered together with other parts of the trial court's record, it formed an "adequate base upon which to decide the narrow legal issue presented." In the present matter, the trial court's judgment entry specifically addresses the court's efforts to secure an accounting of marital property, fair distribution of nonmarital property, and prospective employment and wage-earning capacities of the parties. The judgment entry also appears to sufficiently extrapolate, despite appellant's obstructive conduct, income and assets individually retained and operating expenses neglected by appellant. In view of the record as a whole, the basis of the trial court's final legal determination is well stated and supported by enough factual data that it cannot be concluded that it abused its discretion in denying appellant's motion for additional findings of fact and conclusions of law.

Appellant's second assignment of error is without merit.

The decision of the trial court is hereby affirmed.

*Judgment affirmed.*

Joseph E. O'Neill, P.J., and Cox, J., concur.