OPINION
Defendant-appellant, Robert E. Woodrome II, appeals appeals a decision of the Butler County Court of Common Pleas, Domestic Relations Division, terminating his marriage to plaintiff-appellee, Susan L. Woodrome, dividing the parties' assets and liabilities, and awarding spousal support. The decision of the trial court is affirmed as modified.
The parties were married on September 4, 1974. Appellant worked continuously at AK Steel (formerly Armco Steel) during the parties' marriage. In 1999, appellant earned approximately $73,000 in salary and overtime benefits. In comparison, appellee currently works for the city of Middletown. She earned $22,000 in 1999. Prior to her employment with Middletown, appellee worked on a seasonal basis in unskilled positions in order to earn extra money for the family. Appellee did not begin working full time outside of the home until the parties' minor children were of school age.
In 1999, appellee filed a complaint for divorce. The trial court terminated the parties' marriage and divided the marital assets and liabilities. The trial court, inter alia, ordered appellant to pay spousal support to appellee in the sum of $791.66 per month until the termination of its child support order, at which time appellant was to pay $1,250 per month. The order of spousal support was to "last for an indefinite term." The trial court also ordered appellant to name appellee as the beneficiary of any life insurance policy appellant possessed "until the obligation of spousal support terminates." The trial court reserved jurisdiction to modify its award of spousal support upon a change in circumstances.
Appellant appeals from the decision of the trial court and raises four assignments of error for review.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN ORDERING LIFE INSURANCE TO SECURE AN AWARD OF SPOUSAL SUPPORT THAT DID NOT EXPRESSLY CONTINUE PAST THE PAYOR'S DEATH.
 In his first assignment of error, appellant argues that the trial court erred by ordering him to maintain life insurance with appellee as the designated beneficiary because the trial court did not expressly require the spousal support order to continue beyond appellant's death.
R.C. 3105.18(B) provides, in part, that "any award of spousal support made under this section shall terminate upon the death of either party, unless the order containing the award expressly provides otherwise." (Emphasis added.) Expressly means "in an express manner; in direct or unmistakable terms; explicitly; the opposite of impliedly." Black's Law Dictionary (6 Ed.Rev. 1990). The divorce decree in this case states that the order of spousal support "shall last for an indefinite term." Although the implication may be that the order extends beyond appellant's life, the order fails to expressly so provide. Since the divorce decree does not expressly provide that spousal support shall continue beyond appellant's death, appellant's spousal support obligation terminates upon his death. Therefore, that portion of the divorce decree ordering appellant to maintain life insurance is inappropriate. Accordingly, appellant's first assignment of error is sustained.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED IN THE AMOUNT, TERMS, AND DURATION OF ITS SPOUSAL SUPPORT ORDER.
 In his second assignment of error, appellant maintains that the trial court erred in the amount, terms and duration of its spousal support order. In support of his assignment of error, appellant advances three arguments. First, appellant argues that the trial court erred by failing to establish when the order of spousal support shall terminate. Second, appellant asserts that the trial court's order of spousal support was unreasonably excessive. Third, appellant maintains that the trial court failed to comply with his request to issue findings of fact and conclusions of law with respect to its order of child support.
Appellant first argues that the trial court erred in failing to establish a termination date for the award of spousal support.
Spousal support awards should generally terminate upon a date certain, except in cases involving a marriage of long duration or where a homemaker-spouse has little opportunity to develop meaningful employment outside the home. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, paragraph one of the syllabus.
A marriage of a long duration in and of itself permits a trial court to award spousal support of indefinite duration. Bowen v. Bowen (1999),132 Ohio App.3d 616, 627; Vanke v. Vanke (1994), 93 Ohio App.3d 373,377. Ohio appellate courts have consistently found marriages lasting around twenty-four years to be marriages of "long duration." See, e.g.,Bowen, 132 Ohio App.3d at 627 (twenty years); Soley v. Soley (1995),101 Ohio App.3d 540, 550 (twenty years); Vanke, 93 Ohio App.3d at 376, (twenty-two years); Leversee v. Leversee (Mar. 25, 1993), Franklin App. No. 92AP-1307, unreported, 1993 WL 87005 (twenty-one years); Kucmanic v.Kucmanic (Apr. 16, 1992), Cuyahoga App. No. 60205, unreported (twenty-four years); Corpac v. Corpac (Feb. 27, 1992), Franklin App. No. 91AP-1036, unreported (twenty-five years).
In this case, the parties were married twenty-four years when appellee filed for divorce. Therefore, the parties' marriage qualifies as a marriage of a long duration. In addition, the trial court retained jurisdiction to address the term and amount of spousal support based on a change in either party's circumstances. Thus, based on the facts of this case, the trial court did not err by failing to establish a date certain for termination of spousal support.
Appellant also asserts that the award of support improperly did not provide for termination upon death, remarriage or cohabitation. Generally, an award of spousal support terminates upon remarriage as a matter of law.[1] Dunaway v. Dunaway (1990), 53 Ohio St.3d 227, 232. Spousal support also terminates upon the death of either party, unless the spousal support award expressly states otherwise. R.C. 3105.18(B). Therefore, it is not usually necessary for a trial court to expressly indicate that an award of spousal support will terminate upon death or remarriage.
Cohabitation of the dependant spouse does not require termination of a support award. Wolfe v. Wolfe (1976), 46 Ohio St.2d 399 . Thus, it was not error for the court in this case to fail to include language in the order that spousal support terminates upon death, remarriage or cohabitation. In any event, the trial court specifically retained continuing jurisdiction with regard to the award of spousal support so that it could modify or terminate the award upon a change in circumstances.
Second, appellant contends that the trial court awarded spousal support to appellee in an amount "greatly and substantially in excess" of appellee's needs and "substantially in excess" of appellant's reasonable ability to pay. In support of his argument, appellant charges that appellee contradicted her statements at trial, "apparently filed a false pretrial statement, misrepresenting the status of her physical and mental health, failed to substantiate any actual medical or therapeutic needs, [and] exaggerated and doubled her actual living expenses." According to appellant, the trial court's spousal support award constitutes a "substantial windfall" to appellee.
R.C. 3105.18(C)(1) sets forth fourteen factors the court must consider in determining if spousal support is appropriate and reasonable.[2]
However, a trial court has broad discretion to determine the proper amount and duration of spousal support based on the facts and circumstances of each case. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67. A trial court's award of spousal support will not be disturbed absent an abuse of discretion. Id.
"The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219.
The roles of evaluating evidence and assessing credibility of witnesses are primarily for the trier of fact. Ostendorf-Morris Co. v. Slyman
(1982), 6 Ohio App.3d 46, 47. If there is competent, credible evidence to support the trial court's decision, there is no abuse of discretion.Middendorf v. Middendorf (1998), 82 Ohio St.3d 397, 401.
In its decision, the trial court states that the spousal support award was made upon consideration of the factors of R.C. 3105.18(C). When a trial court indicates that it has reviewed the appropriate statutory factors, there is a strong presumption that the factors were indeed considered. Babka v. Babka (1992), 83 Ohio App.3d 428, 435. In addition, the trial court made numerous findings of fact in determining that spousal support was appropriate, and in its determination of the amount of spousal support. For example, the trial court noted that appellant's income was approximately $73,000, while appellee's income was only about $22,000. The parties were married for nearly twenty-five years and had enjoyed a modest middle class lifestyle. The trial court noted that appellee needs psychological counseling that would not be entirely covered under her current insurance. Based on the presumption that the trial court considered the statutory factors, the detail of the trial court's decision and our review of the record, we do not find that the trial court abused its discretion in its award of spousal support to appellee.
Third, appellant claims that the trial court inappropriately declined his request for findings of fact and conclusions of law with regard to its award of spousal support.
Generally, upon the timely request of a party, a court must separately state in writing its findings of fact and conclusions of law. See Civ.R. 52. The purpose of separately stated findings of fact and conclusions of law is to enable a reviewing court to determine the existence of assigned error. Davis v. Wilkerson (1986),29 Ohio App.3d 100, 101. However, when the court's ruling, together with other parts of the trial court's record, provides an adequate basis upon which to decide the legal issues presented, there is substantial compliance with Civ.R. 52. Stone v. Davis (1981), 66 Ohio St.2d 74,84-85; Winkler v. Winkler (1997), 117 Ohio App.3d 247, 252.
The trial court characterized appellant's motion for findings of fact and conclusions of law as "frivolous," noting that it set forth its findings of fact and conclusions of law with regard to spousal support in its decision. We find no reason to disagree with the trial court's characterization. The trial court's decision more than adequately sets forth its findings of fact and conclusions of law with regard to its award of spousal support.
Therefore, the trial court did not err in the amount, terms or duration of the spousal support order. Accordingly, appellant's second assignment of error is overruled.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN MAKING ITS DETERMINATION OF SUPPORT ARREARAGES.
 In his third assignment of error, appellant argues that the trial court erred in its calculation of his spousal support arrearage. It appears that appellant maintains that the trial court should have offset his alleged overpayments in child support against his arrearage in temporary spousal support.
Child support orders and awards of spousal support serve two entirely different purposes. See Cherry v. Cherry (1981), 66 Ohio St.2d 348,358. Spousal support is for the sustenance and support of the former spouse and is independent of child support. See id; R.C. 3105.18(A). The purpose of child support is to provide children born of a marriage with the standard of living, including healthcare and educational opportunities, they would have enjoyed had the marriage continued.Birath v. Birath (1988), 53 Ohio App.3d 31, 36; R.C. 3109.05. Both matters of child support and spousal support are entrusted to the sound discretion of the trial court. Booth v. Booth (1989), 44 Ohio St.3d 142,144; Kunkle (1990), 51 Ohio St.3d at 67.
Given the distinction between spousal support and child support, the trial court did not abuse its discretion by refusing to offset appellant's alleged overpayment in child support against his arrearage in spousal support. Accordingly, appellant's third assignment of error is overruled.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S MOTION FOR NEW TRIAL.
 In his fourth assignment of error, appellant argues that the trial court erred by denying his motion for a new trial on the issue of spousal support. Appellant argues that the trial court should have granted his motion so that he could present records from the county child support enforcement agency that detail his support payments. In addition, appellant maintains that there has been a change of circumstances in his income that requires a new trial to modify his spousal support obligation.
Pursuant to Civ.R. 59(A), the trial court may grant a new trial to any party and on any issue upon any of the following grounds:
 (1) Irregularity in the proceedings of the court, jury, magistrate, or prevailing party, or any order of the court or magistrate, or abuse of discretion, by which an aggrieved party was prevented from having a fair trial;
(2) Misconduct of the jury or prevailing party;
 (3) Accident or surprise which ordinary prudence could not have guarded against;
 (4) Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice;
 (5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;
 (6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;
(7) The judgment is contrary to law;
 (8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;
 (9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application[.]
 In addition to the above grounds, a trial court has the discretion to grant a new trial for "good cause shown." Civ.R. 59(A). The decision to grant or deny a motion for a new trial pursuant to Civ.R. 59 rests in the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312; Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773.
Appellant's motion failed to specify which ground entitled him to a new trial. Nonetheless, the trial court considered the stated grounds in Civ.R. 59 and found that appellant met none of them before denying appellant's motion. The trial court also noted that the child support enforcement agency records presented by appellant documented his child support obligation account and had nothing to do with his spousal support arrearage.
The trial court did not abuse its discretion by denying appellant's motion for a new trial. Since the trial court reserved jurisdiction to modify the award of spousal support, appellant is not precluded from seeking a modification of the award by demonstrating a change of circumstances. Accordingly, appellant's fourth assignment of error is overruled.
In consideration of the foregoing, the decision of the trial court is modified pursuant to App.R. 12(B) to reflect that appellant is not obligated to name appellee as the beneficiary of a life insurance policy to secure appellant's spousal support obligation so long as the award of spousal support does not expressly extend beyond appellant's death.
Judgment affirmed as modified.
WALSH, P.J., and KERNS, J., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.
[1] There are three exceptions to this general rule, none of which are at issue in this case: (1) the sustenance alimony constitutes a property settlement, (2) the payment is related to child support, or (3) the parties have executed a separation agreement in contemplation of divorce that expressly provides for the continuation of sustenance alimony after the dependent party remarries. Dunaway, 532 Ohio St. 3d at syllabus.
[2] R.C. 3105.18 provides:
In determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, and terms of payment, and duration of spousal support *** the court shall consider all of the following factors:
(a) The income of the parties, from all sources ***;
(b) The relative earning abilities of the parties;
 (c) The ages and the physical, mental, and emotional conditions of the parties;
(d) The retirement benefits of the parties;
(e) The duration of the marriage;
 (f) The extent to which it would be inappropriate for a party, because that party will be custodian of a minor child of the marriage, to seek employment outside the home;
 (g) The standard of living of the parties established during the marriage;
(h) The relative extent of education of the parties;
 (i) The relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties;
 (j) The contribution of each party to the education, training, or earning ability of the other party, including, but not limited to, any party's contribution to the acquisition of a professional degree of the other party;
 (k) The time and expense necessary for the spouse who is seeking spousal support to acquire education, training, or job experience so that the spouse will be qualified to obtain appropriate employment, provided the education, training, or job experience, and employment is, in fact, sought;
 (l) The tax consequences, for each party, of an award of spousal support;
 (m) The lost income production capacity of either party that resulted from that party's marital responsibilities;
 (n) Any other factor that the court expressly finds to be relevant and equitable.