SCHAFER, Appellant,

v.

SCHAFER, Appellee.

[Cite as *Schafer v. Schafer* (1996), 115 Ohio App.3d 639.]

Court of Appeals of Ohio,
Seventh District, Noble County.

No. 229.

Decided Nov. 20, 1996.

*Thomas R. Atkinson,* for appellant.

*Lucien C. Young, Jr.,* for appellee.

Cox, Judge.

This matter presents a timely appeal from a decision rendered by the Noble County Common Pleas Court, Domestic Relations Division, upon remand from this court, ordering that plaintiff-appellant, Wava Joy Schafer, and defendant-appellee, David Schafer, each be awarded one-half of the marital portion of each payment or distribution from the pension plan of the other; that the real estate previously awarded to appellant be sold by the parties within ninety days or

thereafter sold by judicial proceedings; and that the sale proceeds from the real estate be divided equally between the parties after payment of the taxes, costs of sale, mortgage lien, reimbursement of principal paid by appellant on the mortgage and payment of a sum certain to appellant to equalize the within property division. The trial court further retained jurisdiction over the issue of spousal support.

Appellant and appellee were married on April 22, 1961 and had two children, who are now emancipated. During their marriage, the parties accumulated real estate, personal property, pension benefits, bank accounts and various debts. Appellant filed a complaint for divorce on June 24, 1992, to which appellee responded by filing an answer and counterclaim.

At the time the parties' divorce was granted by the trial court on September 1, 1993, appellant was fifty-three years of age and had been employed with the Noble County Department of Human Services since February 23, 1960. Her gross annual income was approximately $22,000. Appellant was eligible to retire on June 1, 1994 and would receive approximately $1,115 per month from the Public Employees Retirement System ("PERS"). She submitted documentation at trial to indicate that her monthly expenses totalled $1,280.75, including the monthly mortgage payment of $660. Appellant was required to undergo psychological counseling in order to protect her employment position as she was suffering from major depression and a generalized anxiety disorder. She also had a hearing impairment.

Appellee, who was fifty-one years of age at the time the parties' divorce was granted, had been employed by Central Ohio Coal Company and Imperial Clevite, n.k.a. Glacier Vandervell, Inc. during the marriage. At the time of divorce, he was employed by Glacier Vandervell, Inc. earning a gross annual income of $28,000. Appellee was in relatively good health and submitted documentation at trial to indicate that his monthly expenses totalled $1,402.85.

On September 1, 1993, the trial court filed its journal entry, granting a divorce to each of the parties on the grounds of incompatibility. The trial court found that the marital portion of appellant's PERS pension had a value of $112,270.32 and thereby, each of the parties was entitled to $56,135.16. The trial court further found that since the PERS pension was not subject to division, appellant was obligated to pay forty-six percent of her monthly pension benefit to appellee as soon as it was received. To secure such payment, the trial court ordered that to the extent allowable by law, liens be placed on the PERS fund and also upon the real estate awarded to appellant.

On September 21, 1993, appellant filed a motion for relief from judgment followed on September 24, 1993, by a motion for postdecree orders. On Septem-

ber 29, 1993, appellant filed a notice of appeal with regard to the trial court's journal entry filed on September 1, 1993.

On April 4, 1995, this court reversed the trial court's decision and order and remanded the cause, stating that the trial court had abused its discretion in dividing the parties' marital assets without reserving jurisdiction over the issue of spousal support. This court's opinion specifically directed the trial court to "review the totality of the circumstances and arrive at an order which takes into consideration not only the total amount of the assets but also the equitableness and reasonableness of potential results. This order shall also reserve jurisdiction over spousal support until such time when the parties retire."

On June 20, 1995, the trial court filed a journal entry, ordering the parties to "submit to the court, in writing, each one's position, consistent with the Court of Appeal's decision, as it relates to the issues of (1) spousal support, and (2) property division." Both parties complied with this order.

On August 24, 1995, the trial court filed its entry, awarding each party "one-half of the marital portion of each payment or other distribution from the pension plan of the other party." The trial court further granted a lien to each party against the pension of the other party to the extent allowable by law. The trial court retained jurisdiction over the issue of spousal support until such time as both parties retired, or one of the parties died, whichever occurred first. The trial court ordered that the marital real estate be sold and the proceeds be divided equally between the parties after the payment of (1) the real estate taxes and costs of sale, (2) the mortgage lien, (3) the reimbursement of principal paid by appellant on the mortgage after May 5, 1993, and (4) the sum of $9,345.32 to appellant for equalization of the within property division. This appeal followed.

Appellant's sole assignment of error on appeal alleges:

"The property division reached by the trial court was unjust, inequitable, an abuse of discretion and in violation of the Appellate Court's Order remanding the case for further proceedings consistent with its opinion. The parties' circumstances require the trial judge to award PERS benefits entirely to Appellant."

The trial court's entry of August 24, 1995 retained jurisdiction over the issue of spousal support. It also ordered that the marital real estate which had previously been awarded to appellant be sold within ninety days by the parties or thereafter sold by judicial proceedings, increased appellant's obligation to share her pension with appellee from forty-six to fifty percent, obligated appellee to share fifty percent of his pension accumulated during the marriage with appellant, and awarded appellee one-half of the net sale proceeds of the marital real estate after the payment of certain listed debts.

The abuse of discretion standard is applicable to appellate review of matters concerning division of marital property. *Martin v. Martin* (1985), 18 Ohio St.3d 292, 18 OBR 342, 480 N.E.2d 1112. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 5 OBR 481, 450 N.E.2d 1140.

On remand, the trial court followed this court's order to retain jurisdiction over the issue of spousal support and review the totality of the circumstances herein with regards to its property division. The trial court clearly did what this court ordered. We find that appellant has failed to demonstrate that the trial court abused its discretion in this case.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. O'NEILL, P.J., and GENE DONOFRIO, J., concur.