Appellant Elva Rivera appeals her conviction on one count of aggravated trafficking in drugs in the Lorain County Court of Common Pleas. We affirm.
In early 1996, Javier Vasquez was arrested by the Lorain City Police Department for selling cocaine. To avoid prosecution, Vasquez agreed to become a confidential informant for the police. Vasquez told Detective Christopher Pittak that he obtained his cocaine from Leo Ortiz and that he owed over $1000 to Ortiz for past drug transactions. Ortiz and his wife, Rivera, were former neighbors of Vasquez in an apartment complex in Lorain, Ohio.
On April 26, 1996, Detective Pittak had Vasquez arrange to purchase cocaine from Ortiz. Vasquez telephoned Ortiz and arranged to purchase two ounces of cocaine three days later. The telephone conversation was recorded.
On April 29, 1996, Vasquez paged Ortiz to set up a time for the sale. Ortiz called in response to the page and arranged for the sale to take place at 6:35 p.m. at the apartment of Ortiz and Rivera. Vasquez then met Detective Pittak and other officers of the Lorain Police Department to prepare for the controlled buy. The officers searched Vasquez and his vehicle to ensure that he did not have any other money or drugs. After the searches, Vasquez was fitted with a transmitting device and given $2100 in marked bills. Vasquez then drove to the apartment of Rivera and Ortiz, with the officers and Detective Pittak following him in separate vehicles.
When Vasquez arrived at the apartment, only Rivera and her young daughter were present. Because he was uncertain as to what to do, Vasquez excused himself and left. He then conferred with Detective Pittak, who told him that if Rivera was willing to make the sale then he should buy the cocaine from her. After he and his vehicle were again searched by the police, Vasquez returned to the apartment.
When he returned to the apartment, Vasquez indicated that he wanted to buy the cocaine, and Rivera produced two baggies. Vasquez asked for a scale to weigh the baggies, mentioning that some prior cocaine had not weighed right. Rivera produced an electronic scale, and Vasquez weighed the baggies. He then counted out the $2100 and indicated that he would have money from the sale of the cocaine soon, to repay his debt to Ortiz. Vasquez then left the apartment. No police officers observed what transpired inside the apartment; however, Detective Pittak heard and recorded what was said both times that Vasquez was in the apartment.
After leaving the apartment, Vasquez met Detective Pittak at a prearranged location. Vasquez turned over the cocaine, and he and his car were again searched. No other drugs or money were found.
On August 7, 1996, Rivera was indicted on one count of aggravated trafficking in drugs, in violation of former R.C.2925.03(A)(7). She pleaded not guilty to the charges. During the course of proceedings prior to trial, Rivera moved for the disclosure of the identity of any informants involved in the case. At a hearing on several motions, the trial court denied Rivera's motion to disclose the identity of the informant.
A jury trial was held on May 14 and 15, 1997. After deliberating, the jury found Rivera guilty of aggravated trafficking. The trial court then sentenced her accordingly. Rivera now appeals to this court, assigning three errors.
 I.
Rivera's first assignment of error states:
 THE APPELLANT'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE[.]
Rivera argues that her conviction for aggravated trafficking in drugs is against the manifest weight of the evidence because it was only supported by the testimony of Vasquez. When a defendant asserts that her conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
Former R.C. 2925.03(A)(7) stated: "No person shall knowingly * * * [s]ell or offer to sell a controlled substance in an amount equal to or exceeding three times the bulk amount, but in an amount less than one hundred times that amount[.]" Under former R.C. 2925.01(E)(1), the relevant definition of "bulk amount" was "[a]n amount equal to or exceeding ten grams" of cocaine.
We find that the case at bar does not present an extraordinary circumstance requiring that Rivera's conviction be reversed. Vasquez testified that Rivera sold him the two baggies of cocaine that weighed fifty-five grams total. The tape of the transaction supports his testimony. The wife of Vasquez testified that after Vasquez had left for the apartment, Ortiz had called to say that he would not be there at the apartment but that Vasquez should still go to the apartment and Rivera "was going to give it to him." The wife of Vasquez understood that "it" meant cocaine. Rivera presented no evidence that contradicted the version of events portrayed by Vasquez. The jury did not clearly lose its way by believing Vasquez and convicting Rivera. The first assignment of error is overruled.
 II.
Rivera's second assignment of error states:
 THE TRIAL JUDGE ERRED IN REFUSING TO GRANT THE DEFENDANT'S MOTION TO DIVULGE THE IDENTITY OF INFORMANT.
Rivera argues that the trial court should not have denied her motion to reveal the identity of Vasquez prior to trial. She contends that if the identity of Vasquez had been known prior to trial, it would have been helpful to her and aided in the presentation of a defense of entrapment.
The test for determining whether the prosecution must disclose the identity of a confidential informant is set forth inState v. Williams (1983), 4 Ohio St.3d 74, syllabus: "The identity of an informant must be revealed to a criminal defendant when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." Each case must be considered on its own facts, balancing a defendant's right to cross-examine the witnesses against her against the prosecution's interest in keeping anonymous those who assist law enforcement officials in their duties. Id. at 75-76. The defendant bears the burden of showing that his interests outweigh those of the prosecution. State v. Brown (1992),64 Ohio St.3d 649, 653.
A trial court's decision on the disclosure of an informant's identity is reviewed under an abuse of discretion standard. Statev. Feltner (1993), 87 Ohio App.3d 279, 282. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency," Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621, or an arbitrary, unreasonable, or unconscionable attitude, Schafer v. Schafer (1996), 115 Ohio App.3d 639, 642.
We conclude that the trial court did not abuse its discretion. The record does not affirmatively indicate whether the identity of Vasquez was disclosed prior to trial; the first instance of Vasquez being mentioned appears in the prosecution's opening statement. However, the record demonstrates that Rivera was not prejudiced by nondisclosure of the identity of Vasquez. Once the identity of Vasquez was made known at trial, Rivera did not ask for a continuance to be able to prepare to effectively cross-examine Vasquez. In fact, during opening statements, counsel for Rivera said, "[The prosecutor] alluded to a confidential informant by the name of Javier Vasquez. Well, he may have been confidential to the police, but he was very well known to Elva Rivera and Leo Ortiz." Counsel for Rivera also cross-examined Vasquez extensively about the circumstances of the drug transaction, his dealings with the police, and his relationship with Rivera and Ortiz. "The requirement to disclose confidential informants exists to insure that defendants have an opportunity to cross-examine the witnesses against them." Statev. Jackson (Oct. 20, 1993), Summit App. No. 16086, unreported, at 5. Rivera amply used that opportunity with Vasquez.
Rivera complains that if she had known the identity of Vasquez earlier, she could have presented a defense of entrapment. However, where entrapment was not raised at trial,[1] an appellate court need not speculate as to whether it could have been presented if the defendant had known an informant's identity. See State v. Williams, 4 Ohio St.3d at 77; State v. Williams (Jan. 16, 1991), Medina App. No. 1910, unreported, at 4-5.
We find no abuse of discretion by the trial court. Accordingly, Rivera's second assignment of error is overruled.
 III.
Rivera's third assignment of error states:
 THE TRIAL COURT ERRED WHEN IT REFUSED TO CHARGE THE JURY WITH THE JURY INSTRUCTIONS REGARDING INFORMANT'S TESTIMONY THAT THE APPELLANT PROFFERED.
Rivera argues that the trial court erroneously rejected a proposed jury instruction on informant testimony. Before the trial court charged the jury, Rivera offered a jury instruction relevant to the credibility of informant testimony.[2] The trial court denied Rivera's request that the instruction be included in the jury charge but did include a credibility instruction that was more general in nature. Rivera contends that the instruction was required under United States v. Griffin
(C.A.6, 1967), 382 F.2d 823.
In Griffin, the defendant was convicted of selling heroin to a paid informant who was a heroin addict. The informant told a narcotics bureau agent that the defendant was willing to sell him heroin. When two sales did take place, the informant wore a transmitting device. However, only a woman was seen and heard making the sales. The defendant was seen in the vicinity but was not involved in the actual drug sales. The United States Sixth Circuit Court of Appeals held that, given these facts, it was plain error for the trial court to not sua sponte instruct the jury that the testimony of an addict informer must be received with great caution. Id. at 829. The court's holding was motivated by two main concerns:[3] that the testimony of a drug addict is inherently perjurious, id. at 828, and that because the informant was the only witness tying the defendant to the crime, the informant "could have easily manufactured the events * * * `out of whole cloth.'" Id. at 829.
There is no per se rule requiring a special credibility instruction when an informant testifies; instead, each case must be considered on its own facts. See United States v. Brown
(C.A.6, 1991), 946 F.2d 1191, 1195; State v. Draughn (1992),76 Ohio App.3d 664, 675; see, also, Griffin, 382 F.2d at 829, fn. 10. Of particular importance is whether the informant's testimony is corroborated by other evidence. State v. Matthews (Apr. 9, 1998), Cuyahoga App. No. 72123, unreported, 1998 Ohio App. LEXIS 1511, at *16.
We reject Rivera's assertion that a separate informant credibility instruction was required in the case at bar. As inBrown and Draughn, the transaction between Rivera and Vasquez could not be manufactured "out of whole cloth." Corroborating evidence exists in the form of Detective Pittak's testimony and the audio tape of the transaction, which was played at trial. The testimony of the wife of Vasquez further corroborated the transaction. She related that Ortiz had called and told her that although he (Ortiz) would not be at the apartment, Vasquez should still go because Rivera would sell him the cocaine.
The trial court did not err by refusing to give Rivera's requested informant credibility instruction. The credibility instruction that was given to the jury was sufficient. Accordingly, Rivera's third assignment of error is overruled.
Rivera's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Common Pleas Court, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
CARR, J. and MAHONEY, J. CONCUR.
(Mahoney, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
[1] The trial court held a hearing on Rivera's motion. However, there is no transcript of the hearing, and Rivera did not supplement the record under App.R. 9. Without a record of what was presented in that hearing, we will not presume that Rivera raised entrapment as a potential defense at the hearing.
[2] Rivera offered two versions of the proposed instruction. The first read as follows:
 The testimony of an informer who provides evidence against a defendant for pay, or for immunity from punishment or for personal advantage or vindication, must be examined and weighed by the jury with greater care than the testimony of an ordinary witness. The jury must determine whether the informer's testimony has been affected by interest, or by prejudice against the defendant.
The second proposed instruction read as follows:
 (A) You have heard testimony from a police informant. The testimony of an informant does not become inadmissible because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of an informant may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution.
 It is for you, as jurors, in the light of all the facts presented to you and from the witness stand, to evaluate such testimony and to determine its quality and worth or its lack of quality and worth.
 (B) An informant may have special motives in testifying, and you should carefully examine an informant's testimony and use it with great caution and view it with grave suspicion.
[3] We note that Griffin's holding is not one of constitutional dimension.