DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Simeon Anagnostopoulos appeals from the judgment of the Lorain County Court of Common Pleas rendered in favor of appellees, The Backyard Grill and Albert E. Hagg. We affirm.
Hagg was the owner and operator of The Backyard Grill, a restaurant that was located in Sheffield Township, Lorain County, Ohio. In November 1995, Hagg signed a listing agreement with Peter Vadas, a business broker. Under the listing agreement, Vadas would attempt to sell the restaurant for a six month period.
Appellant contacted Vadas after seeing an advertisement in the newspaper about the restaurant. A short time later, a purchase agreement was executed on November 19, 1995. Appellant agreed to purchase the restaurant for $80,000, with a down payment of $8,000, contingent on an inspection of the business books. The inspection was to take place on November 24, 1995; appellant did not inspect the business books on that date. Appellant stopped payment on the $8,000 down payment check and did not complete the purchase of the restaurant.
On March 14, 1996, appellees filed a complaint in the Lorain County Court of Common Pleas, naming appellant as defendant. The complaint alleged that appellees suffered damages as a result of appellant's breach of the contract for the sale of the restaurant. Appellant answered the complaint.
On May 5, 1997, appellees moved for leave to file, instanter, a motion for partial summary judgment. The trial court granted the motion for leave. Appellant did not respond to the partial summary judgment motion, which the trial court granted on June 2, 1997. Appellant moved to vacate the partial summary judgment, and appellees responded in opposition. The trial court denied appellant's motion. Appellant later filed a motion to change venue; that motion was also denied by the trial court.
On March 11, 1998, a bench trial was held on the issue of damages. Hagg and Vadas were the only witnesses. On March 19, 1998, the trial court issued its decision and awarded $6,000 in damages to appellees. This appeal followed.
Appellant asserts three assignments of error. We address each in turn.
 First Assignment of Error The Court committed prejudicial error in denying Defendant'sMotion to Vacate Default judgment [sic] when such request wasmade in a timely fashion and would not prejudice Plaintiff.
In his first assignment of error, appellant argues that the trial court erred by not granting his motion to vacate the grant of partial summary judgment on the issue of liability. Appellant contends that his motion was timely and meritorious. We disagree.
To prevail on a Civ.R. 60(B) motion to vacate judgment, a party must meet three requirements:
 (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Each of the three requirements must be met for the motion to be granted. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. Relief from judgment may be granted under Civ.R. 60(B)(1) for "mistake, inadvertence, surprise or excusable neglect." What constitutes "excusable neglect" is determined from all surrounding facts and circumstances. See Miami Sys. Corp. v. Dry Cleaning ComputerSys., Inc. (1993), 90 Ohio App.3d 181, 185.
The appropriate standard for our review of a Civ.R. 60(B) determination is abuse of discretion. Quebodeaux v. Quebodeaux
(1995), 102 Ohio App.3d 502, 504. An abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency," Ponsv. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619, 621, or an arbitrary, unreasonable, or unconscionable attitude, Schafer v.Schafer (1996), 115 Ohio App.3d 639, 642. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons, 66 Ohio St.3d at 621.
We find that the trial court did not abuse its discretion. In the motion to vacate, appellant's attorney asserted that he never received notice that the trial court had granted appellees' motion for leave to file the summary judgment motion instanter. The appellees responded with an affidavit that appellant's attorney had telephoned appellees' attorney seeking additional time to respond to the motion for partial summary judgment. Thus, the trial court was faced with conflicting facts. We cannot say that the trial court acted arbitrarily, unreasonably, or unconscionably. Appellant's first assignment of error is overruled.
 Second Assignment of Error The Court committed prejudicial error in denying theDefendant's Motion for Change of Venue.
Appellant argues in his second assignment of error that the trial court erred by denying his motion for a change of venue. Appellant contends that a change in venue was required because appellees' attorney also was a part-time magistrate with the Domestic Relations Division of the Lorain County Court of Common Pleas. Appellant argues that because of the status of appellees' attorney and because appellant and his attorney were from another county, the case should have been transferred to avoid the appearance of impropriety under Canon 4 of the Code of Judicial Conduct, as applied to part-time judges.
Civ.R. 3(C)(4) states: "Upon motion of any party or upon its own motion the court may transfer any action to an adjoining county within this state when it appears that a fair and impartial trial cannot be had in the county in which the suit is pending." The trial court is given discretion in its decision whether or not to grant such a motion. State ex rel. Dunbar v. Ham (1976),45 Ohio St.2d 112, 114. Therefore, we review the trial court's decision under an abuse of discretion standard.
We conclude that the trial court did not abuse its discretion by denying appellant's motion. The Ohio Board of Commissioners on Grievances and Discipline offered the following guidance with respect to the situation presented by the case at bar:
 A part-time referee [now magistrate] should not practice law in the court on which he or she serves. A part-time referee for a division of the court of common pleas may practice law in the other divisions of the court provided he does not practice before the judge or judges to whom the referee owes his appointment. Members of the part-time referee's law firm may not appear before their colleague as referee, but may appear before another judge or referee in the same division.
Bd. of Commrs. on Grievances Discipline Advisory Op. No. 87-036, syllabus. The record before us reveals that appellees' attorney is a part-time magistrate in the Domestic Relations Division of the Lorain County Court of Common Pleas, while this case was filed in the General Division. There is no evidence that appellees' attorney owes his appointment to the trial judge in the case at bar. While appellant may view the relationship between the trial court and appellees' attorney as fraught with potential improprieties, we do not. Appellant's second assignment of error is overruled.
 Third Assignment of Error The Court committed prejudicial error in granting judgmentfor the Plaintiff since Plaintiff failed to provide proof offinancial damage.
In his third assignment of error, appellant argues that the trial court's award of damages is against the weight of the evidence. At the trial on damages, Hagg testified, inter alia, that he paid $1,000 to keep the restaurant's equipment in storage until the equipment was sold, and that another $1,000 would become due when all of the equipment was sold. He also testified that he paid $4,000 to settle a dispute with the landlord over the premature termination of the restaurant's lease. Other testimony as to damages was also presented. Little documentation of these expenses was submitted as evidence. The trial court awarded appellees $6,000 to cover the storage costs and the lease settlement. Appellant asserts that the lack of documentation renders the damages award suspect.
The appropriate standard of review is whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. We begin with the presumption that the trial court's findings of fact are correct.Long v. Hurles (1996), 113 Ohio App.3d 228, 233. This is because evaluating evidence and assessing credibility are primarily for the trier of fact. Hoitt v. Siefer (1995), 105 Ohio App.3d 104,107.
We find that the trial court's damages award is not against the manifest weight of the evidence. Hagg testified that he was obligated to pay the $6,000, and there was no testimony to the contrary. Apparently, the trial court found his testimony credible. The fact that there was not "better" evidence of damages does not mean that the trial court's award is against the manifest weight of the evidence. No manifest miscarriage of justice necessitating reversal exists in the case at bar. Appellant's third assignment of error is overruled.
Appellant's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. ___________________________ WILLIAM G. BATCHELDER
FOR THE COURT
BAIRD, P. J.
WHITMORE, J.
CONCUR