This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Renee, Carol and Gary Harrold, appeal the decision of the Wayne County Court of Common Pleas, Juvenile Division, which awarded custody of the one minor child at issue to appellee, Brian Collier. Appellee cross-appeals the decision in regard to an order of grandparental visitation rights given to appellants within the judgment entry provided by the court.
 I.
Renee Harrold and Brian Collier were in a dating relationship, but the couple never married. They are the biological parents of one child, Brittany Collier, who was born to them on July 28, 1997. During her pregnancy, Renee was diagnosed with cancer and she chose not to undergo treatment until after Brittany's birth. Both Renee and Brittany lived with Renee's parents, Carol and Gary Harrold. On June 2, 1998, Renee and Brian submitted an agreement to the court concerning an allocation of parental rights between them for Brittany. The agreement designated Renee the sole residential parent and ordered a supervised visitation schedule for Brian with Brittany.
Renee died of cancer on October 10, 1999, and her parents were designated Brittany's legal custodians on an ex parte basis on October 12, 1999. On October 21, 1999, Brian agreed to grant the Harrolds temporary legal custody of Brittany, and she continued to live with her grandparents. Brian has exercised his visitation rights with Brittany throughout her life. He also filed two motions with the court between 1998 and 2000 to modify his visitation sessions. In May of 2001, Brian filed a motion for full custody of Brittany. On December 12, 2001, the trial court held a modification of custody hearing among appellants, Carol and Gary Harrold, and appellee, Brian, awarding custody of Brittany to appellee.
Appellants timely appealed, setting forth two assignments of error for review. Appellee cross-appealed with one assignment of error for review.
 II. FIRST ASSIGNMENT OF ERROR "THE TRIAL COURT'S DECISION TO APPLY A STRICT STANDARD OF ASSESSING ONLY THE `SUITABILITY' OF THE NATURAL PARENT AND PRECLUDING THE INTRODUCTION OF EVIDENCE AS TO THE `BEST INTERESTS' OF THE CHILD IN A MODIFICATION OF CUSTODY HEARING IS AN ABUSE OF DISCRETION AND IS CONTRARY TO LAW."
In their first assignment of error, appellants assert that the trial court abused its discretion in deciding that the applicable standard for the modification of custody hearing was strictly a determination of the "suitability" of the natural parent, appellee, to have custody of Brittany. Appellants specifically argue that the trial court's preclusion of appellants' evidence as to the "best interests" of the child, Brittany, in that hearing was contrary to law. This Court disagrees.
The standard of review of a trial court's determination in a child custody proceeding is whether the trial court abused its discretion in making its judgment. Miller v. Miller (1988), 37 Ohio St.3d 71, 74. When reviewing the record of the trial court, this Court adheres to the standard that an abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency," Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, or an arbitrary, unreasonable, or unconscionable attitude on the part of the court. Schafer v. Schafer (1996),115 Ohio App.3d 639, 642. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Freeman v. Crown City Mining, Inc. (1993),90 Ohio App.3d 546, 552.
This case involved a modification of custody hearing between appellee, Brittany's biological father, and appellants, Brittany's maternal grandparents. Since the trial court's task was to determine whether it would award legal custody to nonparents over a parent, the applicable statutory authority governing the case was R.C. 2151.23(A)(2). This section states "The juvenile court has exclusive original jurisdiction * * * to determine the custody of any child not a ward of another court of this state."
The caselaw in Ohio has established that the "suitability" of the parent is the proper standard of review for custody hearings governed by this statute.
"`In an R.C. 2151.23(A)(2) child custody proceeding between a parent and a nonparent, the hearing officer may not award custody to the nonparent without first making a finding of parental unsuitability — that is, without first determining that a preponderance of the evidence shows that the parent abandoned the child, that the parent contractually relinquished custody of the child, that the parent has become totally incapable of supporting or caring for the child, or that an award of custody to the parent would be detrimental to the child.'" InRe Perales (1977), 52 Ohio St.2d 89, syllabus.
Under this "suitability" standard, "parents are entitled to the custody of their children unless it `clearly appears that they are unfit or have abandoned their right to the custody or unless there are some extraordinary circumstances which require that they be deprived of custody.'" Id. at fn. 9, quoting 31 A.L.R.3d 1187, 1191, 1196. Therefore, "parents who are `suitable' persons have a `paramount' right to the custody of their minor children." Id. at 97, quoting Clark v.Bayer (1877), 32 Ohio St. 299.
The trial court was correct in deciding that only "suitability" was the proper standard to apply to the custody hearing. The "best interests" of the child standard of review applies in R.C. 3109.04 custody hearings between parents emanating out of a divorce, legal separation, or annulment. Since the present case involved a father and grandparents, the trial court correctly precluded appellants' evidence as to the "best interests" of the child because that standard did not apply to the custody hearing.
The trial court was best suited to analyze the evidence presented before it to determine which party should obtain custody of Brittany in this case. "The discretion which a trial court enjoys in custody matters should be accorded the utmost respect, given the nature of the proceeding and the impact the court's determination will have on the lives of the parties concerned. The knowledge a trial court gains through observing the witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." (Citations omitted.) Reynolds v.Goll (1996), 75 Ohio St.3d 121, 124. "In this regard, the reviewing court in such proceedings should be guided by the presumption that the trial court's findings were indeed correct." (Citations omitted.) Reynolds,75 Ohio St.3d, at 124.
Assessing the evidence at the custody hearing under the "suitability" standard, the trial court concluded that the evidence presented did not show, by a preponderance of the evidence, appellee was an unsuitable father to obtain legal custody of Brittany. Rather, the trial court concluded that appellee did not abandon Brittany; he had visited with Brittany since she was born. The trial court concluded that appellee was very careful to not contractually relinquish custody of Brittany when he allowed appellants to have temporary custody of Brittany after her mother died. The trial court concluded that appellee was capable of supporting and caring for Brittany, and that an award of custody to appellee would not be detrimental to Brittany.
The trial court did not err as a matter of law in applying only the "suitability" standard to the modification of custody hearing between appellants and appellee. Furthermore, the trial court did not abuse its discretion in precluding any introduction of appellants' "best interests" evidence into the hearing. Appellants' first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE TRIAL COURT'S RULING TO EXCLUDE THE TESTIMONY AND REPORT OF APPELLANT'S EXPERT, A PSYCHOLOGIST EVALUATING THE DETRIMENTAL EFFECT UPON THE MINOR CHILD SHOULD SHE BE REMOVED FROM HER LIFE-LONG HOME, WHILE PERMITTING THE EXPERT TESTIMONY AND REPORT OF APPELLEE'S EXPERT, A PSYCHOLOGIST EVALUATING THE NATURAL FATHER'S SUITABILITY, WAS PREJUDICIAL AND AN ERROR AS A MATTER OF LAW."
In their second assignment of error, appellants assert that the trial court's ruling to exclude certain evidence from appellants' case was prejudicial to them. Appellants specifically argue that the exclusion of their expert's testimony and report, while allowing appellee's expert's testimony and report into evidence, was an error as a matter of law. This Court disagrees.
"The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173, paragraph two of the syllabus. The decision of the trial court will not be overruled "unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby." State v. Galloway (Jan. 31, 2001), 9th Dist. No. 19752, quoting State v. Maurer (1984),15 Ohio St.3d 239, 265. The trial court ruled to exclude both the testimony and written report of appellants' expert witness addressing appellants' position that it was in Brittany's best interests to remain in the legal custody of appellants. Aside from specifically ruling at the beginning of the hearing that all evidence and testimony that went to the child's best interests would be excluded, the trial court clearly stated that it was excluding this evidence because it was not provided to appellee's counsel until the night before the hearing. Evid. R. 403(B) addresses the discretion of the trial court to exclude such evidence: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by considerations of undue delay * * *." Appellants' expert's report was completed in August of 2001; appellants had four months to provide appellee with the report rather than sending it on the eve of trial. The trial court pointed out that appellants' last minute production of the report did not allow appellee's counsel a reasonable opportunity to become acquainted with the report, depose the expert, or prepare any degree of response to the report for the custody hearing.
Therefore, this Court cannot conclude that the trial court abused its discretion in excluding appellants' expert's testimony and report. Appellants' second assignment of error is overruled.
 III. CROSS-APPEAL "THE TRIAL COURT ABUSED ITS DISCRETION AND LACKED JURISDICTION TO ORDER GRANDPARENTAL VISITATION RIGHTS TO THE APPELLANTS/CROSS-APPELLEES IN VIOLATION OF APPELLEE/CROSS-APPELLANT'S CONSTITUTIONAL RIGHTS AS A SUITABLE PARENT WHEN NO COMPLAINT REQUESTING GRANDPARENTAL VISITATION RIGHTS WAS FILED IN THE TRIAL COURT AND WHEN THE TRIAL COURT NEVER CONDUCTED A HEARING REGARDING GRANDPARENTAL VISITATION RIGHTS."
Appellee/cross-appellant asserts that the trial court lacked jurisdiction to order appellants/cross-appellees grandparental visitation rights when appellants/cross-appellees never filed a complaint with the trial court requesting such rights. Appellee/cross-appellant further argues that the trial court violated his constitutional rights as a suitable parent when it ordered the grandparental visitation rights without a hearing on the issue. This Court agrees.
When the trial court released its decision awarding custody of Brittany to her father, it also included in its judgment entry an order for visitation rights for Brittany's grandparents. The judgment entry stated that a plan for transition of custody to appellee/cross-appellant must be filed with the court that included certain provisions, including "provision for visitation by the Harrolds once custody has been changed, which shall allow for no less than alternate weekends, a midweek visit of at least 2 hours, at least four weeks during the summer vacation, and sharing of time at Christmas and other school vacations."
A review of the record confirms that no complaint requesting grandparental visitation rights was filed by appellants/cross-appellees in the trial court. R.C. 3109.11 and 3109.12 authorize a trial court to grant visitation rights to a grandparent in certain circumstances upon the filing of a complaint. Absent a complaint requesting visitation, the trial court was without authority to order grandparental visitation rights to appellants/cross-appellees within its judgment entry.
This Court finds that the trial court erred in granting appellants/cross-appellees grandparental visitation rights when appellants/cross-appellees never filed a complaint with the trial court requesting such rights. Appellee/cross-appellant's sole assignment of error is sustained.
 IV.
Accordingly, appellants/cross-appellees' two assignments of error are overruled. Appellee/cross-appellant's sole assignment of error is sustained. This Court affirms the judgment of the court of common pleas, juvenile division, as to the custody award to appellee, and reverses the grandparental visitation rights ordered to appellants/cross-appellees.
BAIRD, P.J., BATCHELDER, J. CONCUR.