DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, David C. Thomas, appeals from the decision of the Barberton Municipal Court, which found him guilty of speeding and sentenced him accordingly. This Court affirms.
 I. {¶ 2} On November 17, 2002, appellant was cited for speeding in a school zone on Jacoby Road in Copley. He pled not guilty and the case proceeded to trial. On December 16, 2002, the trial court found appellant guilty of speeding and imposed a $50.00 fine plus court costs to be paid within thirty days of the judgment.
 {¶ 3} Appellant timely appealed, setting forth five assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The Court [Erred] In Not Granting Sanctions For Denial Of Discovery."
 SECOND ASSIGNMENT OF ERROR
"The Court [Erred] In Not Excluding Improperly Obtained Evidence."
 THIRD ASSIGNMENT OF ERROR
"The Court [Erred] In Denying Testimony."
 FOURTH ASSIGNMENT OF ERROR
"The Court [Erred] In Denying Evidence And Returning It To Defendant."
 {¶ 4} In his first four assignments of error, appellant argues that the trial court erred by not sanctioning the State, by not excluding the State's evidence at trial, and by denying the admission of certain testimony and evidence from appellant at trial. This Court disagrees.
 {¶ 5} Appellant's claims that the trial court erred requires us to review the record of the trial court proceedings under an abuse of discretion standard. When reviewing the record, this Court adheres to the standard that an abuse of discretion is more than an error of judgment, but instead demonstrates "perversity of will, passion, prejudice, partiality, or moral delinquency," Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619, 621, or an arbitrary, unreasonable, or unconscionable attitude on the part of the court. Schafer v. Schafer (1996),115 Ohio App.3d 639, 642. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 6} In this case, appellant claims the trial court erred when it denied his request to dismiss the case on grounds that the State had failed to provide discovery to him. The record does not demonstrate that appellant requested discovery from the State. See Crim.R. 16(A), (F). Furthermore, assuming appellant did properly request discovery that was not answered, appellant waited until the day of trial to bring the matter to the court's attention and then requested dismissal of the case. The trial court did not abuse its discretion in refusing to dismiss the case under these circumstances.
 {¶ 7} Appellant also claims the trial court erred when it denied his request to suppress evidence against him and dismiss the case for lack of evidence. He specifically argues that the officer who cited him was illegally on private property when he clocked appellant speeding and, therefore, the officer's testimony is inadmissible and any evidence he would present was obtained illegally and should also be inadmissible. Appellant's allegations do not provide sufficient evidence to show any illegality on the part of the officer that cited him for speeding. Moreover, the officer's observations of appellant speeding, along with his radar reading of appellant's vehicle, constituted sufficient reasons to believe that a traffic violation was occurring and, therefore, the traffic stop did not violate the Fourth Amendment. See State v. Amos, 9th Dist. No. 01CA0029, 2001-Ohio-1653. In light of these facts, this Court cannot find the trial court erred in allowing the officer to testify or in admitting the State's evidence against appellant. The trial court did not err in denying his motion to suppress and dismiss the case for lack of evidence.
 {¶ 8} Lastly, appellant claims the trial court erred in denying the admission of appellant's testimony and documents relating to the documentation of the school zone where appellant was cited for speeding. Appellant attempted to testify about what a Mr. Green, an Ohio Department of Transportation engineer, stated to him over the phone concerning the documentation of the school zone. Appellant also attempted to present documents he alleges he received from Mr. Green. Appellant's testimony as to what Mr. Green stated to him is clearly hearsay. See Evid.R. 801(C). Appellant also did not certify the documents he sought to have admitted at trial. See Evid.R. 1005. Therefore, this Court cannot find that the trial court abused its discretion in denying the admission of both appellant's testimony as to what Mr. Green allegedly stated to him and the uncertified documents appellant allegedly received from Mr. Green.
 {¶ 9} Appellant's first four assignments of error are overruled.
 FIFTH ASSIGNMENT OF ERROR
"The Court [Erred] In Finding All Elements Of [The] Offense [Were] Proven By The State."
 {¶ 10} In his fifth assignment of error, appellant argues that there was insufficient evidence for the trial court to convict him of speeding. This Court disagrees.
 {¶ 11} It is well settled that "[t]he standard of review for sufficiency of the evidence is whether any rational trier of fact, viewing the evidence presented in the light most favorable to the prosecution, could find proof of the essential elements of a crime beyond a reasonable doubt." State v. Biehl (Apr. 14, 1999), 9th Dist. No. 19054, citing State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 12} In the present case, appellant argues the prosecution did not prove that a legal school zone existed, where it existed, or that he was within the school zone when the officer determined he was speeding. At trial, the officer testified that he could see that the school warning lights were on from where he was parked conducting radar on the road. He further stated that, on the day in question, he knew that school had just been let out because he observed school busses and cars driving along the road. The officer testified that he clocked appellant at 34 mph in the 20 mph school-zone and stopped the appellant. When he was issuing the speeding ticket, appellant told him that he did not see that the warning lights were on in the school zone.
 {¶ 13} Appellant also testified at trial, stating that he had observed the school zone on several occasions prior to the day he was cited for speeding. He stated he never saw children in the school zone area of the road and he knew that all the children were picked up at the school doors during the times that the school zone warning lights were flashing on the road. Although appellant made these statements as an argument that the school zone laws were intended to protect the children from traffic on the roads, his testimony that no children were near the road does not negate the fact that he was speeding. Moreover, his statements show that appellant knew he was in a school zone when he was pulled over for speeding.
 {¶ 14} After review of the record, this Court finds that there was sufficient evidence for the trial court to find appellant guilty of speeding in a school zone. Appellant's fifth assignment of error is overruled.
 III. {¶ 15} Accordingly, appellant's five assignments of error are overruled. The judgment of the Barberton Municipal Court is affirmed.
Judgment affirmed.
BAIRD, P.J.
BATCHELDER, J. CONCUR