DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Dean R. Steigerwald, appeals from his convictions in the Medina Municipal Court for one count of operating a motor vehicle while under the influence of alcohol ("OMVI") and one count of failure to control. We affirm.
 I. {¶ 2} On the evening of July 8, 2002, Mr. Steigerwald lost control of his vehicle while driving northbound on Marks Road in Brunswick Hills Township, Ohio in Medina County. Mr. Steigerwald's vehicle hit a ditch on the side of the roadway, and started rolling. The vehicle came to a stop on its side, with the driver's side of the car facing up.
 {¶ 3} Two vehicles traveling southbound on Marks Road witnessed the single car accident, and pulled over to aid Mr. Steigerwald. One of the witnesses called 9-1-1 on his cellular phone, and both witnesses urged Mr. Steigerwald to turn down his radio and shut off his engine. Mr. Steigerwald explained to the witnesses that he had swerved to avoid hitting an animal in the road. However, one of the witnesses did observe that Mr. Steigerwald was slurring his words and sounded drunk.
 {¶ 4} As a result of the accident, Mr. Steigerwald suffered some abrasions and laceration from his head hitting the windshield. However, Mr. Steigerwald did not suffer a concussion or lose consciousness. An Ohio State Highway Patrol trooper and the local EMT/paramedics arrived at the scene of the accident, and the EMT's freed Mr. Steigerwald from his car and placed him on a backboard. While Mr. Steigerwald was secured on the backboard, the state trooper who had arrived at the scene, Byron Foxx, noticed a strong odor of an alcoholic beverage emanating from Mr. Steigerwald. Trooper Foxx also noticed that Mr. Steigerwald's eyes were bloodshot and glassy. Mr. Foxx performed the horizontal gaze and nystagmus ("HGN") test on Mr. Steigerwald, and observed that Mr. Steigerwald possessed all six of the "clues" that are consistent with the conclusion that a person is impaired due to alcohol consumption.
 {¶ 5} The EMT's transported Mr. Steigerwald to an emergency room, and Trooper Foxx remained behind to investigate the scene of the accident. Trooper Foxx noted that when he inspected the interior of Mr. Steigerwald's vehicle, he noticed a strong odor of an alcoholic beverage emanating from the passenger side of the vehicle. Trooper Fox also noted that the road conditions were dry, that visibility was clear, and that it was a warm day. Trooper Foxx also recognized that no skid marks or other indicators appeared on the road that would suggest any sudden action on Mr. Steigerwald's part to avoid hitting an animal on the road.
 {¶ 6} Trooper Foxx then drove to the emergency room where Mr. Steigerwald was taken, in order to speak with Mr. Steigerwald. While speaking with Mr. Steigerwald at the hospital, which was approximately two and a half hours after the accident took place, Trooper Foxx noticed that Mr. Steigerwald still had a strong odor of an alcoholic beverage emanating from him, and that his eyes were still bloodshot and glassy. While at the emergency room, Mr. Steigerwald was treated by Dr. Angel Ronda, an emergency room physician. Dr. Ronda also noticed that Mr. Steigerwald had alcohol on his breath.
 {¶ 7} On July 12, 2002, Mr. Steigerwald was charged with one count of OMVI, in violation of R.C. 4511.19(A)(1); and one count of failure to control, in violation of R.C. 4511.202. Mr. Steigerwald pled not-guilty to these charges. On October 10, 2002, a jury trial was held on the OMVI charge, at which Mr. Steigerwald appeared pro se. The jury returned a guilty verdict with respect to the OMVI charge. Per agreement, the failure to control charge was tried in a bench trial, pursuant to which the court found Mr. Steigerwald guilty of that charge.
 {¶ 8} Mr. Steigerwald filed a notice of appeal to this Court in November 2002. We dismissed that appeal for lack of a final appealable order due to the fact that Mr. Steigerwald had not been sentenced. On March 10, 2003, the trial court issued a judgment entry sentencing Mr. Steigerwald accordingly. It is from this judgment entry that Mr. Steigerwald now appeals.
 {¶ 9} Mr. Steigerwald timely appealed, and asserts one assignment of error for review.
 II. ASSIGNMENT OF ERROR
"The trial court erred in prohibiting questions (evidence) and the presenstation and development of the defense tending to establish defendant not intoxicated."
 {¶ 10} In his sole assignment of error, Mr. Steigerwald asserts that the trial court prejudicially erred when it disallowed certain questions posed by Mr. Steigerwald during cross-examination of the State's witnesses. Mr. Steigerwald claims that these actions by the trial court prevented him from presenting his defense that he was not intoxicated during the accident. Mr. Steigerwald avers that the court's restrictions on his questioning denied his right to cross-examine the witnesses. We disagree.
 {¶ 11} A trial court possesses broad discretion in controlling the scope of cross-examination. State v. Schlupe (Apr. 10, 1991), 9th Dist. No. 14645. An appellate court will not overturn the decision of a trial court to limit cross-examination absent a clear abuse that has prejudiced the defendant. Id., citing State v. Huffman (1912), 86 Ohio St. 229,241-42; see, also, Evid.R. 103(A). An abuse of discretion connotes more than an error judgment, but instead demonstrates an arbitrary, unreasonable, or unconscionable decision. Schafer v. Schafer (1996),115 Ohio App.3d 639, 642.
 {¶ 12} In Ohio, the scope of cross-examination is not limited to matters raised during direct examination; however, the cross-examination must nevertheless comply with the restrictions set forth in the rules of evidence. See State v. Taylor (Feb. 9, 1999), 9th Dist. No. 2783-M; see, also, Evid.R. 611. Evid.R. 611 governs the interrogation and presentation of witnesses. This rule provides that the trial court is to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence[.]" Evid.R. 611(A). Furthermore, the rule provides that the scope of cross-examination encompasses "all relevant matters and matters affecting credibility." Evid.R. 611(B). A witness may be properly cross-examined with respect to relevant facts developed in the case-in-chief, as well as other relevant facts which the party calling the witness could have asked in order to advance his or her case.Taylor, supra.
 {¶ 13} "The right of a criminal defendant to confront and cross-examine a witness on relevant matters is secured in theSixth Amendment to the United States Constitution." State v. Davis (Aug. 21, 1991), 9th Dist. No. 1952, citing Brookhart v. Janis (1966), 384 U.S. 1,3-4, 16 L.Ed.2d 314, Delaware v. Van Arsdall (1986), 475 U.S. 673,678-79, 89 L.Ed.2d 674. However, a criminal defendant does not have the right to an unfettered opportunity to question an adverse witness. A trial judge retains
"`wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, * * * confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'" Davis, supra, quoting Van Arsdall, 475 U.S. at 679.
 {¶ 14} Thus, the trial court possesses broad discretion in the control of the scope of counsel's inquiries on cross-examination.Schlupe, supra; Davis, supra, citing Keveney v. State (1923),109 Ohio St. 64, paragraph one of the syllabus.
 {¶ 15} In this case, the jury found Mr. Steigerwald guilty of an OMVI, in violation of R.C. 4511.19(A)(1). R.C. 4511.19(A)(1) states, in relevant part, "[n]o person shall operate any vehicle * * * within this state, if * * * [t]he person is under the influence of alcohol[.]" This Court has stated that establishing that an individual was driving under the influence of alcohol
"requires proof only that [the] defendant consumed sufficient alcohol to adversely affect his mental and/or physical abilities, so as to deprive him of the clearness of intellect and physical control he would possess but for the alcohol." State v. Vetter (Aug. 18, 1993), 9th Dist. No. 2213, citing State v. Steele (1952), 95 Ohio App. 107, 111.
 {¶ 16} Mr. Steigerwald appears to contest the trial court's sustaining of the State's objection on two separate occasions during the jury trial. First, Mr. Steigerwald refers to his cross-examination of the State's witness, Dr. Angel Ronda, who had treated Mr. Steigerwald after the accident. Second, Mr. Steigerwald directs us to his cross-examination of Trooper Foxx, who had investigated the accident.
 {¶ 17} During the cross-examination of Dr. Ronda, Mr. Steigerwald posed a line of questions regarding the emergency department's chart report concerning Mr. Steigerwald's visit. The pertinent part of the cross-examination reads as follows:
"Q: Did you review this report today prior to your testimony?
"A: I have reviewed it last night, not today.
"Q: Is there anything on that that we just spoke of, the first page — is there anything on there with regard to your observation of me being intoxicated?
"A. No. That is not a diagnosis that I made, no.
"[The State]: Objection, your Honor.
"The Court: Objection sustained. He did not testify that you were intoxicated.
"Mr. Steigerwald: I asked him about his report and if there was anything in the report which had indicated that.
"The court: I understand your question, but in cross-examination there has to be some relationship to what he said and he did not indicate either verbally or apparently in the report that you were intoxicated.
"Mr. Steigerwald: Okay.
"Mr. Steigerwald:
"Q. Questions were asked of you on direct examination about glassy eyes. Did you observe glassy eyes in that chart any place?
"A. That is not documented in the chart.
"Q. Questions were asked to you on direct examination about slurred speech. Is there anything in your report or do you remember anything about any slurred speech?
"A. No, that was not documented."
 {¶ 18} Mr. Steigerwald avers that he was unable to question Dr. Ronda as to her medical opinion regarding the objective symptoms of being "under the influence" brought out by the State in its case-in-chief. Mr. Steigerwald states in his brief that he "should have been able, by the cross-examination of Dr. Ronda, to qualify[,] explain or modify the impressions left on the jury by his testimony." However, this exchange between the court, Dr. Ronda, and Mr. Steigerwald indeed demonstrates that Mr. Steigerwald was able to question Dr. Ronda regarding the objective symptoms that the State presented in its case-in-chief. Thus, Mr. Steigerwald was not precluded by the court from cross-examining the witness on the issue of whether he was under the influence of alcohol at the time of the accident.
 {¶ 19} Furthermore, Dr. Ronda's testimony indicates that the emergency department report did not document Mr. Steigerwald's state of intoxication which he inquired into. The court's limitation, therefore, was merely an exercise of reasonable control over Mr. Steigerwald's cross-examination of Dr. Ronda. See Evid.R. 611(A). We cannot say that the court erred when it limited Mr. Steigerwald's questioning with respect to intoxication, and accordingly conclude that the trial court's decision was not arbitrary, unreasonable, or unconscionable. SeeSchafer, 115 Ohio App.3d at 642. Thus, we find that the trial court did not abuse its discretion to the prejudice of Mr. Steigerwald when it sustained the State's objection with respect to Mr. Steigerwald's cross-examination of Dr. Ronda. See Schlupe, supra; see, also, Evid.R. 103(A).
 {¶ 20} During Mr. Steigerwald's cross-examination of Trooper Foxx, Mr. Steigerwald questioned Foxx about his interview with Mr. Steigerwald the day of the accident. Mr. Steigerwald inquired into whether Trooper Foxx had questioned Mr. Steigerwald the day of the accident regarding where Mr. Steigerwald had been driving from that evening. Mr. Steigerwald asked Trooper Foxx to read from a crash statement, which documented the questions and answers that Trooper Foxx had asked Mr. Steigerwald during the investigation. After Trooper Foxx finished reading from this statement, the following dialogue occurred:
"The Witness:
"* * *
"If that answers your question, I didn't ask you where are you coming from and where were you going.
"By Mr. Steigerwald:
"Q: Didn't you think that that was important if you're alleging that I was drinking and intoxicated and —
"[The State]: Objection, your Honor.
"The Court: Sustained. The measure is not whether you are intoxicated or not. That is not a determination that need be made. The question is whether or not [Mr. Steigerwald] was under the influence of alcohol."
 {¶ 21} Mr. Steigerwald claims that the statement made by the trial court during his cross-examination of Trooper Foxx "effectively poisoned the jury to any attempted argument that a degree of intoxication in order to produce `under the influence' is necessary and was not present." Mr. Steigerwald's assertion is simply not viable. To suggest that the court was trying to preclude Mr. Steigerwald's from questioning Trooper Foxx as to the level of adverse affect that the alcohol had on Mr. Steigerwald's mental or physical abilities is erroneous. The court's statement wholly served to clarify which terminology was proper to use in the context of the OMVI charge involved in the instant case.
 {¶ 22} In the case of an OMVI charge pursuant to R.C. 4511.19(A)(1), the relevant inquiry pursuant to this statute section, is, whether the person was "under the influence of alcohol." The terms "intoxication" and "under the influence," although similar, are separate and distinct terms. See State v. Thompson (Nov. 9, 1993), 4th Dist. No. 92CA1906 (citing the Ohio Jury Instructions' separate definitions for "intoxication" and "under the influence"). The court's statement corrected Mr. Steigerwald's use of terminology, so that his use of terminology was in accordance with the elements of the OMVI charge.
 {¶ 23} As in the case of Mr. Steigerwald's cross-examination of Dr. Ronda, Mr. Steigerwald still certainly had the opportunity to question Trooper Foxx regarding his observations made with respect to the accident scene and Mr. Steigerwald's person the evening of the accident. The court was, once again, merely exercising "reasonable control over the mode" of cross-examination so as to "make the interrogation and presentation effective for the ascertainment of the truth[.]" Evid.R. 611(A). Therefore, the trial court's decision to sustain the State's objection and make a clarifying statement in this instance was not in error, and was also not arbitrary, unreasonable, or unconscionable. SeeSchafer, 115 Ohio App.3d at 642. Therefore, we find that the court did not abuse its discretion with respect to its actions during Mr. Steigerwald's cross-examination of Trooper Foxx. See Schlupe, supra; see, also, Evid.R. 103(A).
 {¶ 24} Based on the foregoing, this Court concludes that the municipal court's decisions during trial not to allow the questions posed by Mr. Steigerwald during cross-examination of Dr. Ronda and Trooper Foxx were not arbitrary, unreasonable, or unconscionable. See Schafer,115 Ohio App.3d at 642. Therefore, we find that the municipal court did not abuse its discretion in disallowing these questions on cross-examination, and thus we will not overturn the judgment of the municipal court. See Schlupe, supra. Accordingly, Mr. Steigerwald's sole assignment of error is overruled.
 III. {¶ 25} Mr. Steigerwald's sole assignment of error is overruled. The convictions of the Medina Municipal Court are affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Medina Municipal Court, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Baird, P.J. and Whitmore, J. concur.